[Civ. No. 7458. Second Appellate District, Division One.—January 12, 1933.]

J. C. HOUCK, Respondent, v. GENERAL DEVELOP-MENT COMPANY (a Corporation), Appellant.

Hibbard & Kleindienst for Appellant.

McAdoo, Neblett & Clagett and John G. Sobieski for Respondent.

CONREY, P. J.—The sole question presented upon this appeal is whether or not the trial court erred in admitting in evidence plaintiff's exhibit 1. This was the original contract sued upon, signed by defendant company by Geo. C. Paonessa, and by the plaintiff J. C. Houck; which was an agreement for posting of advertising cards of the corporation in motor-busses operating within the state of Cali-

fornia. Plaintiff testified that Rosenburg, president of defendant company, had directed him to transact the business with Paonessa.

On cross-examination of the plaintiff, defendant obtained from the witness an admission that he had received a telegram dated November 30, 1928. The telegram, introduced in evidence by the defendant, was addressed to the plaintiff and signed "General Development Co., by E. H. Rosenburg". Rosenburg was the president of the defendant company. The telegram reads as follows: "In accordance with the understanding we had with you namely that after ninety days we could at our option cancel the contract between yourselves and ourselves we do hereby and herewith notify you of our election to cancel said contract as of November thirtieth." ■ By introducing in evidence this telegram, and in the absence of any disclaimer that it was authorized, the defendant necessarily admitted that Rosenburg had the right to act for it in relation to the contract. Defendant, therefore, is bound by Rosenburg's admission that the contract had been made. In view of these facts, we think that it is not necessary to determine the question as to whether the court had theretofore erred in admitting in evidence the said contract, and in overruling defendant's objection that the execution of the contract had not been duly authorized. In the light of the admissions contained in the telegram, together with the testimony given by plaintiff, it is clear that the contract was properly before the court, and that it was a contract actually executed on behalf of the corporation by an authorized agent. ■ The contract itself was to run for a year, and it contained no provisions for cancellation. If there was any understanding such as that referred to in the telegram "that after ninety days we could at our option cancel the contract between yourselves and ourselves", it must have been an understanding or agreement separate and apart from the written contract. But the defendant has introduced no evidence that there was any such understanding or agreement.

The evidence shows that the plaintiff performed the contract in accordance with its terms; that the compensation was earned but has not been paid.

The judgment is affirmed.

Houser J., and York, J., concurred.